## No. 4585.

### SUCCESSION OF JEAN BOUVET, Opposition to Account of Tutrix.

The vendor's privilege attaches to the improvements put upon lots by the vendor, where the vendor is not opposed by any one entitled to or claiming a special privilege upon the buildings.

The objection that a widow claiming the benefit of the one thousand dollar reservation has lost her right to it by failing to register her claim as a privilege is without force. This provision for destitute widows and orphans is not to be regarded strictly as a privilege, and the recording of it is not necessary for its preservation.

This claim must be paid in preference to all other debts, except for the vendor's privilege and expenses incurred in selling the property, and where it conflicts with the lessor's privilege the latter must yield.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.* *Julien Michel* and *A. J. Villere*, for Mrs. Bouvet, tutrix and appellee. *E. Bermudez* and *A. Viavant*, for Mrs. Van Rooten, opponent and appellee. *G. Schmidt*, for Mrs. Gallier, opponent and appellant.

TALIAFERRO, J. The widow of Jean Bouvet and natural tutrix of her minor children, having filed an account and tableau of distribution

of the proceeds of the insolvent estate of the decedent, it was opposed by various creditors, and a contest arose among them in regard to the rank that should be assigned to the claims of the contestants against the succession.

The funds to be distributed were proceeds of real estate amounting to $1340 and $1079 20, arising from sale of contents of a store leased by Mrs. Gallier to Bouvet ($806 05), and $273 15, amount of bills collected by the tutrix.

The judge *a quo*, after hearing the parties, made an alteration of the tableau as presented, and adjusted the distribution as follows : After deducting from the gross sum of proceeds of the real estate the taxes, and the various expenses of the sale, amounting in the whole to $220, the remainder, $1120, was given to Mrs. Van Rooten, holding mortgage and vendor's privilege on the property sold by her to Bouvet; to Mrs. Bouvet, claiming a thousand dollars under the law granting this right to a widow left in necessitous circumstances, after deducting from a thousand dollars the value of the household furniture retained by the widow, $354. He directed the remainder, $646, to be paid out of the $1079 20, leaving a balance of $433 to Mrs. Gallier, in right of her lessor's privilege.

From this judgment she appeals. In this court the widow Bouvet and several others, claiming to be privileged creditors, appear and join Mrs. Gallier in the appeal, and pray a reversal of the judgment and for the homologation of the two accounts as originally presented in the lower court.

The real estate belonging to the succession of the insolvent consisted of two vacant or unimproved lots in New Orleans, purchased by Bouvet from Mrs. Van Rooten, on a credit. A note was given for the price, and the vendor's privilege and special mortgage retained to secure the payment. Bouvet, after purchasing these lots, placed buildings and improvements upon them. An order of court was obtained for the appraisement of the lots and the improvements put upon them, separately, which was accordingly done, and the separate value of each ascertained, the value of the lots being $600, that of the improvements $900. The whole property sold together for $1350. It is contended on the part of Mrs. Bouvet that the vendor's privilege does not extend to the improvements placed upon the lots; that as to the improvements, the vendor of the lots can have only a right of mortgage, and that under the homestead law her right is superior to the vendor's mortgage, as the law declares its precedence over all claims, except the vendor's privilege. We see no sufficient reasons for altering the judgment of the court below. We think the vendor's privilege attaches to the improvements put upon the lots by the vendee. The vendor in this case is not opposed by any one entitled to or

claiming a special privilege upon the buildings. The objection that the widow claiming the benefit of the thousand dollar reservation has lost her right to it by failing to register her claim as a privilege, we think without force. We concur in opinion with the judge *a quo* that this provision made for the benefit of the destitute widow and helpless orphan is not to be regarded strictly as a privilege, and the recording of it is not necessary for its preservation. The terms used in conferring the right are very clear and distinct in declaring that the "amount shall be paid in preference to all other debts except those for the vendor's privilege and expenses incurred in selling the property." When, therefore, a case occurs like the present, where this claim conflicts with the lessor's privilege, the latter must yield. On the part of Mrs. Gallier, insisting upon her privilege as lessor, and those who joined her in this court in praying an alteration of the judgment, we find nothing to entitle them to it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

Rehearing refused.